IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CASEY J. BASTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV309 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| THE UNITED STATES OF | ) | **AND ORDER** |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Casey J. Bastian, a pro se litigant incarcerated at the United States Penitentiary in Atwater, California, filed this action regarding the destruction of his property seized by the Federal Bureau of Investigation ("FBI") in 2008 in Cedar Rapids, Iowa. The court has granted Plaintiff permission to proceed in forma pauperis, and the court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that on April 16, 2008, pursuant to a search warrant for Plaintiff's residence in Dubuque, Iowa, federal agents from the Cedar Rapids, Iowa, FBI office seized "[c]ertain property," including his Sony VIAO laptop, which contained thousands of personal documents and photographs. After "years of documented multiple attempts to have this property preserved, saved, segregated and return[ed]," Plaintiff learned in February 2016 that the FBI "may have destroyed" his laptop.

Plaintiff alleges that the Defendants "unlawfully seized, withheld, and purportedly destroyed" his property, and the Defendants are therefore liable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights; the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (Westlaw 2018) ("FTCA"); the

Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq*. (Westlaw 2018) ("APA"); and various federal civil and criminal forfeiture statutes. Along with money damages, Plaintiff requests that his property be returned and that the court issue a temporary restraining order prohibiting the FBI "from destroying any and all properties that are the subject of this complaint." (Filing No. 1 at CM/ECF p. 3.)

The caption of Plaintiff's Complaint indicates that he sues only the United States of America, but the body of the Complaint states that he also seeks to bring claims against the FBI in Washington, D.C., Cedar Rapids, Iowa, and Omaha, Nebraska; the United States Attorney's Office in Cedar Rapids; and "several unknown FBI agents and USA attorneys" in their individual and official capacities. (Filing No. 1 at CM/ECF p. 2.)[1]

As indicated above, Plaintiff is incarcerated in federal prison in California. A search of this court's electronic case records reveals no cases in the United States District Court for the District of Nebraska involving Plaintiff.[2]

---

[1] The body of Plaintiff's Complaint also states that he sues on behalf of his minor children because their personal property was also destroyed. (Filing No. 1 at CM/ECF p. 2.) As a pro se plaintiff, Bastian may not assert the legal rights or interests of his minor children. First, Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Second, it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)).

[2] A Westlaw search for cases involving Plaintiff reveals five criminal cases stemming from charges against Plaintiff for sexual exploitation of a child and receipt of child pornography—four in the United States District Court for the Northern District of Iowa and one in the Eighth Circuit Court of Appeals. *United States v. Bastian*, 603 F.3d 460 (8th Cir. 2010); *United States v. Bastian*, No. CR08-1327-LRR, 2009 WL 1270018 (N.D. Iowa May 6, 2009); *United States v. Bastian*, 650 F. Supp. 2d 849 (N.D. Iowa 2009), *aff'*d, 603 F.3d 460 (8th Cir. 2010); *United States v. Bastian*, No. CR 08-1327, 2008 WL 5429650 (N.D. Iowa Dec. 31, 2008); *United States v. Bastian*, No. CR08-1327, 2008 WL 4762768 (N.D. Iowa Oct. 30, 2008).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

Title 28 U.S.C. § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States," and provides in relevant part that:

> **(b) Venue in general.**—A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because Plaintiff's Complaint alleges claims against federal government agencies and officials in their official capacities, venue is governed by 28 U.S.C. § 1391(e), which similarly provides that the civil action may be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

The Complaint in this case sets forth no facts establishing that the District of Nebraska is an appropriate venue for adjudication of Plaintiff's claims. Plaintiff does not identify the FBI agents or Assistant United States Attorneys allegedly responsible for the seizure and/or destruction of his property, leaving this court unable to determine whether any of the Defendants can be found in the District of Nebraska. Further, the Complaint does not indicate that any of the property at issue can be found in the District of Nebraska; that any of the acts giving rise to Plaintiff's claims occurred in the District of Nebraska; that any of the Defendants reside in Nebraska; or that Plaintiff is incarcerated here.

Therefore, it appears that the United States District Court for the District of Nebraska is the wrong venue for this case. Rather, it appears that the proper venue for Plaintiff's case under 28 U.S.C. § 1391(b)(1) or (2) is the United States District Court for the Northern District of Iowa where all of the events or omissions giving rise to Plaintiff's claims occurred, where at least some of the defendants most likely reside, and where Plaintiff's criminal cases arose and were adjudicated.

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014);

*Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

    I shall give Plaintiff leave to file an amended complaint to establish that venue is proper in the District of Nebraska. Plaintiff is advised that if the court finds that venue is improper in the District of Nebraska based on the allegations in Plaintiff's amended complaint, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).[3]

    IT IS ORDERED:

    1.    Plaintiff must file an amended complaint within 30 days to establish that venue is proper in the District of Nebraska;

    2.    Plaintiff's failure to file an amended complaint in accordance with this Memorandum and Order will result in the court dismissing this case without further notice to Plaintiff; and

    3.    The clerk of the court is directed to set the following pro se case management deadline: March 2, 2018—amended complaint establishing proper venue due.

---

[3]Plaintiff should note that the merits of this matter are not likely to be resolved in his favor. *See, e.g., U.S. v. Penry*, 515 Fed. App'x 784 (10th Cir. 2013) (unpublished) (following conviction for possession of child pornography, and even though no criminal forfeiture order had been issued, defendant could not collaterally challenge the circumstances surrounding the search and seizure of a laptop computer and hard drive used in the commission of the offense through a Fed. R. Crim. P. 41(g) post-conviction motion for return of the property; "when the property is used to commit the offense on which the defendant received his conviction, only an innocent owner or one aggrieved by an illegal seizure may qualify for lawful possession of the property").

5

DATED this 29th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge