IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CASEY J. BASTIAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:17CV309 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| THE UNITED STATES OF AMERICA, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Casey J. Bastian, a pro se litigant incarcerated at the United States Penitentiary in Terre Haute, Indiana, filed this action regarding the alleged destruction and continued detention of his property seized by the Federal Bureau of Investigation ("FBI") in 2008 in Cedar Rapids, Iowa. On January 29, 2018, the court ordered Plaintiff to amend his Complaint to establish that venue is proper in the District of Nebraska. (Filing No. 15.) After receiving two extensions of time (Filing Nos. 17, 20), Plaintiff filed an Amended Complaint (Filing No. 21) on June 20, 2018. On July 2, 2018, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Filing No. 22).

### **Amended Complaint**

The court has carefully reviewed Plaintiff's Amended Complaint. In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Plaintiff has complied with the court's Memorandum and Order with regard to alleging proper venue. However, Plaintiff's Amended Complaint contains claims that cannot be asserted against all of the Defendants, as discussed below. 28 U.S.C. § 1915A(b) (court must dismiss complaint or portion thereof if prisoner raises claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendant who is immune from such relief).

First, Plaintiff's *Bivens*[1] claims may proceed only against Defendants Metz, Kitzmiller, Johnson, Reinwart, Grunder, and Unknown Members of the Computer Analysis Response Team in their individual capacities because *Bivens* actions are "only available against federal officers, not government entities." *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir. 1997) (suits for damages against federal government entities are barred by sovereign immunity despite the permissibility of *Bivens* claims against individual federal officers in their individual capacities); *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996) (same); *see also Olson v. Soc. Sec. Admin.*, 243 F. Supp. 3d 1037, 1061 (D.N.D.), *aff'd*, 709 F. App'x 398 (8th Cir. 2017) (federal court lacks jurisdiction over *Bivens* claims against United States, its agencies, and its employees acting in official capacities); *Bradley v. Outlaw*, No. 2:11CV00153, 2011 WL 6937186, at *2 (E.D. Ark. Nov. 30, 2011), *report and recommendation adopted*, No. 2:11CV00153, 2012 WL 10665 (E.D. Ark. Jan. 3, 2012) ("Bivens claims must be brought against the individuals who allegedly violated his constitutional rights.").

Second, Plaintiff's FTCA claim may proceed only against the United States. *See* 28 U.S.C. § 1346(b)(1); *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (federal agencies cannot be sued under FTCA; United States is proper defendant); *Anthony v. Runyon*, 76 F.3d 210, 212-13 (8th Cir. 1996) ("an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment"); *Bradley*, 2011 WL 6937186, at *2.

Finally, Plaintiff's claims under the Administrative Procedure Act[2] ("APA")

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702 (Westlaw 2018). Plaintiff should note that in order to recover under the APA, he must identify a statute or regulation that an agency action violated and how that agency action resulted in a "legal wrong"

may proceed to service against Defendants United States of America; Attorney General of the United States; Federal Bureau of Investigation in D.C.; Federal Bureau of Investigation in Omaha, Nebraska; United States Attorney in Sioux City, Iowa; Office of Professional Responsibility; and Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their official capacities. 5 U.S.C. § 701(b)(1) (defining "agency"); 5 U.S.C. § 702 (United States may be named as defendant in federal action seeking equitable relief against agency alleging that it or its employees in official capacity acted or failed to act pursuant to legal authority); *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 525 (2009) ("The Administrative Procedure Act, which provides judicial review, makes no distinction between independent and other agencies, neither in its definition of agency, 5 U.S.C. § 701(b)(1), nor in the standards for reviewing agency action, § 706."); *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999) (APA provided foundation to review suit against Attorney General and Director of Immigration and Naturalization Service challenging INS's denial of petition to adjust immigration status); *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1092 n.5 (D. Minn. 2008) (citing cases allowing plaintiffs to proceed against FBI under APA); *Radack v. U.S. Dep't of Justice*, 402 F. Supp. 2d 99 (D.D.C. 2005) (attorney stated claim against Department of Justice under APA when attorney alleged that Office of Professional Responsibility violated Privacy Act).

Accordingly, Plaintiff's claims under *Bivens*, the Administrative Procedure Act, 5 U.S.C. §§ 551, *et seq.* (Westlaw 2018), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (Westlaw 2018) based on Defendants' unlawful seizure, withholding, and purported destruction of his property in violation of the Fourth and Fifth Amendments may proceed to service of process as to all Defendants. (Filing No. 21 at CM/ECF pp. 59-60 (summary of claims and relief requested in Amended Complaint).) Although the court finds that Plaintiff's claims may proceed to service

---

to the Plaintiff. "[A] plaintiff cannot sue for a violation of the APA itself." *Smith v. U.S. Dep't of Agric.*, 888 F. Supp. 2d 945, 954 (S.D. Iowa 2012).

of process against these Defendants, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

**Motion for TRO & Preliminary Injunction**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 22) requests that the government be directed to preserve any electronic data in their possession "derived from FBI case number 305A-OM-51995, including any original or copies (forensic or otherwise) of said property," and to prohibit the government from "further destroying any non-contraband intermingled electronic data in their possession." (Filing No. 22 at CM/ECF p. 9 (Prayer for Relief).)

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a TRO may issue without notice to the adverse party only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Because Plaintiff has not shown that he has made any effort to give notice to the adverse party, nor has he cited reasons why such notice should not be required, his motion for a temporary restraining order must be denied. *Fryer v. Citimortgage, Inc., No. CIV. 09-3197, 2009 WL 3856724, at \*1 (D. Minn. Nov. 17, 2009)* (denying plaintiff's application for TRO when plaintiff failed to certify in writing any attempts to notify defendant of request for TRO under the "demanding standard" in Fed. R. Civ. P. 65(b)(1); "Moreover, [the plaintiff] has not provided 'specific facts in an

affidavit or a verified complaint' that 'clearly show' her right to *ex parte* relief before Defendant can be heard.") (quoting Fed. R. Civ. P. 65(b)(1)).

Furthermore, citing the standards for preliminary injunctive relief set forth in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981)[3], Plaintiff claims irreparable harm because Defendants might destroy the "non-contraband intermingled electronic data in their possession." (Filing No. 22 at CM/ECF p. 9.) That is, the suggested threat of harm is merely speculative. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted.").

In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113. Accordingly, Plaintiff's request for a temporary restraining order will be denied.

## **Service of Process**

The court shall order service of process on all Defendants, keeping in mind the requirements of the Federal Rules of Civil Procedure regarding the issuance of summons. That is, service upon the United States must be accomplished by (1) delivering a copy of the summons and complaint to the United States Attorney for the district where the action is brought; (2) sending a copy of the summons and complaint

---

[3]In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Dataphase.* 640 F.2d at 114.

by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and (3) if the action challenges an order of an officer of the United States, sending a copy of the summons and complaint by registered or certified mail to the agency or officer. Fed. R. Civ. P. 4. Further, service upon federal officers in their official capacities and agencies of the United States must be accomplished by serving the United States and by sending a copy of the summons and complaint by registered or certified mail to the officer or agency. Fed. R. Civ. P. 4(i)(2); 28 U.S.C. § 1391(e). Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 22) is denied without prejudice.

2. Plaintiff's *Bivens* claims may proceed to service of process as to Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder[4]; Plaintiff's Federal Tort Claims Act claim may proceed to service of process as to Defendant United States of America; and Plaintiff's claims under the Administrative Procedure Act may proceed to service of process as to Defendants United States of America; Attorney General of the United States; Federal Bureau of Investigation in D.C.; Federal Bureau of Investigation in Omaha, Nebraska; United States Attorney in Sioux City, Iowa; the Office of Professional Responsibility; and Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their official capacities.

3. For service of process on Defendants United States of America; Attorney General of the United States; Federal Bureau of Investigation in D.C.; Federal Bureau of Investigation in Omaha, Nebraska; United States Attorney in Sioux City, Iowa; the

---

[4]Service on Defendant Unknown Members of the Computer Analysis Response Team in their individual capacities cannot occur until such members are identified.

Office of Professional Responsibility; and Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their official capacities, the Clerk of the Court is directed to complete summons forms and USM-285 forms for such Defendants using the following addresses:

- Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001

- U.S. Attorney's Office, 1620 Dodge Street, Suite 1400, Omaha, NE 68102

- U.S. Attorney's Office, Terra Building, 600 4th Street, Suite 670, Sioux City, IA 51101

- Federal Bureau of Investigation, 935 Pennsylvania Ave. NW, Washington, D.C. 20535-0001

- Federal Bureau of Investigation, 4411 So. 121st Court, Omaha, NE 68137-2112 (use this address for Defendants Federal Bureau of Investigation in Omaha, Nebraska, and Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their official capacities)

- Office of Professional Responsibility, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Suite 3266, Washington, D.C. 20530-0001

The Clerk of the Court shall then forward the summons forms and USM-285 forms together with a copy of the Complaint (Filing No. 1), the Amended Complaint (Filing No. 21), this court's previous Memorandum and Order on initial review (Filing No. 15), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendants United States of America; Attorney**

**General of the United States; Federal Bureau of Investigation in D.C.; Federal Bureau of Investigation in Omaha, Nebraska; United States Attorney in Sioux City, Iowa; Office of Professional Responsibility; and Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their official capacities at the addresses appearing above in this paragraph**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Westlaw 2018)**.**[5]

4. The Clerk of the Court is directed to obtain the last-known addresses for Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder (who are alleged to be from the Federal Bureau of Investigation in Omaha, Nebraska) from the United States Marshals Service for service of process on those Defendants in their **individual** capacities. Once such addresses are obtained, the Clerk of the Court is directed to complete a summons form and a USM-285 form for each Defendant using the addresses provided by the Marshals Service and forward them together with a copy of the Complaint (Filing No. 1), the Amended Complaint (Filing No. 21), this court's previous Memorandum and Order on initial review (Filing No. 15), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their individual capacities. **The Marshals Service shall serve Defendants Thomas Metz, Michael R. Kitzmiller, Kristi Johnson, Thomas Reinwart, and Eric S. Grunder in their individual capacities using any of the following methods: personal, residence, certified mail, or designated delivery service.** *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. §§ 25-508.01(Westlaw 2018).

---

[5] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

5. [Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. While this matter is proceeding to service of process as against all Defendants, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. The Clerk of the Court is directed to file under seal any document containing the last-known personal addresses for the Defendants.

9. The Clerk of the Court is directed to set the following pro se case management deadline: November 9, 2018: check for completion of service of process.

DATED this 9th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge