IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CASEY J. BASTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:17CV309 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

After initial review of Plaintiff's Complaint and Amended Complaint—which allege that the Defendants unlawfully withheld and then destroyed non-contraband private electronic data that was located on the hard drive of Plaintiff's Sony laptop that was lawfully seized—this court allowed Plaintiff's claims under *Bivens*,[1] the Administrative Procedure Act,[2] and the Federal Tort Claims Act[3] to proceed to service of process. (Filing No. 23.) The Defendants who have been served with process[4] have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, a Motion for Summary Judgment (Filing No. 47), and Plaintiff has responded to the Defendants' Motion. (Filing No. 58.) For the reasons that follow, the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) shall be granted.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] 5 U.S.C. §§ 551, *et seq*. (Westlaw 2018).

[3] 28 U.S.C. §§ 2671-2680 (Westlaw 2018).

[4] The Defendants named as "Unkown Cart (Computer Analysis Response Team) Technicians(s)" have not been served.

# I.  STANDARD OF REVIEW

For the purposes of a motion to dismiss, the court must "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (internal quotation marks and citation omitted). The court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.*

# II.  FACTS

1.     On April 16, 2008, investigators executed a search warrant on Plaintiff Casey Bastian's residence in Dubuque, Iowa, and seized his Sony laptop computer. Investigators analyzed the laptop's hard drive and located 68 video files and between 100 and 150 image files of child pornography. *See* Sentencing Memorandum, *United States v. Bastian*, No. 2:08CR1327, Filing No. 73, p. 11 (N.D. Iowa Aug. 20, 2009).[5]

---

[5]I am permitted to consider federal district court documents from the Northern District of Iowa in this matter because in reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may take judicial notice of items in the public record. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). Further, "'[i]n this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion.'" *Levy*, 477 F.3d at 991 (quoting *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); *Mehner Family Tr. v. U.S. Bank Nat'l Ass'n*, No. 8:16CV367, 2017 WL 823552, at *2 (D. Neb. Mar. 1, 2017) (courts permitted to take judicial notice of documents filed in other courts, not for truth of matters asserted therein, but to establish the fact of such litigation and related filings).

2.    A grand jury returned a three-count indictment against Bastian for sexual exploitation of a child, receipt of child pornography, and possession of child pornography. *United States v. Bastian*, No. 2:08CR1327, Filing No. 1 (N.D. Iowa Oct. 22, 2008).

3.    Bastian pled guilty to charges of sexual exploitation of a child and receipt of child pornography. *United States v. Bastian*, No. 2:08CR1327, Filing No. 25-2 (N.D. Iowa Dec. 11, 2008). Bastian's guilty plea was accepted by the district court. *United States v. Bastian*, No. 2:08CR1327, Filing No. 27 (N.D. Iowa Dec. 31, 2008).

4.    As part of his Plea Agreement, Bastian agreed to, and initialed, the following provision:

### ABANDONMENT AND RELEASE OF PROPERTY

**14.    *CJB* The defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from the defendant during the investigation of this case. The defendant waives any and all right to this property and stipulates to the forfeiture (under 18 U.S.C. §§ 2253 and/or 2254) and/or the abandonment of this property. The defendant also waives any and all right to the notice of the forfeiture (under 18 U.S.C. §§ 2253 and/or 2254) and/or the abandonment of this property. The defendant agrees not to contest that forfeiture or abandonment of this property. The defendant understands that from this date forward any local, state, or federal law enforcement agency may take custody of and use, dispose, and transfer these items in any way the agency deems appropriate.**

*United States v. Bastian*, No. 2:08CR1327, Filing No. 25-2, pp. 5-6 (N.D. Iowa Dec. 11, 2008) (entire agreement in bold font).

5.    Five days after his guilty plea, Bastian moved to withdraw it. The motion was denied following an evidentiary hearing. *United States v. Bastian*, No. 2:08CR1327, 2009 WL 1270018 (N.D. Iowa May 6, 2009).

6.     Bastian was sentenced to a total term of imprisonment of 600 months. *United States v. Bastian*, 650 F. Supp. 2d 849 (N.D. Iowa 2009).

7.     Judgment was entered on September 2, 2009. *United States v. Bastian*, No. 2:08CR1327, Filing No. 79 (N.D. Iowa Sept. 2, 2009).

8.     Bastian appealed the denial of the motion to withdraw his plea and his sentence. *United States v. Bastian*, No. 2:08CR1327, Filing No. 80 (N.D. Iowa Sept. 2, 2009). The Eighth Circuit Court of Appeals affirmed. *United States v. Bastian*, 603 F.3d 460, 467 (8th Cir. 2010).

9.     On October 25, 2010, Bastian, acting pro se, filed what was docketed as a "PRO SE MOTION for return of property," which in relevant part stated:

> 2) In this case I had computer equipment seized. ***In the terms of my plea bargain I forfeited those objects.*** However, I am under the impression that the documents, photographs and other information that is not in any way associated with the criminal charges could be returned to me. There are years of personal photographs and business documents that I would greatly appreciate getting back. Again, I am not requesting the equipment just the personal information that is not involved in any criminal matters. Please let me know if I have to go through another route to acquire these documents and photographs.

*United States v. Bastian*, No. 2:08CR1327, Filing No. 93, p. 2 (N.D. Iowa Oct. 25, 2010) (emphasis added).

10.     The government opposed Bastian's motion and in response quoted the "Abandonment and Release of Property" clause of Bastian's plea agreement, which Bastian acknowledged in his motion for return of property. The government's motion further indicated it

and defendant's attorney discussed this issue last year, and no resolution was reached. While the government is willing to consider reasonable proposals for the recovery of data, its forensic examiners do not have substantial time to take away from their other cases in order to separate contraband from non-contraband material on electronic items seized from defendants. Furthermore, while the government may voluntarily accommodate such requests in certain cases, these actions are not intended to imply the government has a legal obligation to do so in these cases.

*United States v. Bastian*, No. 2:08CR1327, Filing No. 94, pp. 1-2 (N.D. Iowa Nov. 3, 2010).

11.     The district court denied Bastian's motion for return of property, noting in relevant part that Bastian had acknowledged that "he agreed to abandon any claim he had to the items that law enforcement seized, and the government implicitly asks the court to enforce the terms of [Bastian's] plea agreement. The court concludes that the plea agreement prevents [Bastian] from asking for the return of his property." *United States v. Bastian*, No. 2:08CR1327, Filing No. 95, p. 1 (N.D. Iowa Nov. 17, 2010).

12.     Bastian sought reconsideration of the court's denial of his motion for return of property. Bastian argued that Fed. R. Crim. P. 41(g) supported his reconsideration motion and asked that the following items, among other things, be returned to him:

> 1) All non-contraband images, documents, and electronic information contained on the 'Sony Viao' laptop computer which was seized by the FBI agents in April of 2008. ***Defendant stipulates that the computer itself is contraband at this point in the proceedings, and is not requesting it to be returned at this time***.

*United States v. Bastian*, No. 2:08CR1327, Filing No. 99, p. 7 (N.D. Iowa Dec. 23, 2010) (emphasis added). Bastian's motion for reconsideration was denied. *United States v. Bastian*, No. 2:08CR1327, Filing No. 100 (N.D. Iowa Dec. 27, 2010).

13.     Bastian filed a notice of appeal regarding the "Court's ORDER dated December 27, 2010, denying his Motion to Return Property." *United States v. Bastian*, No. 2:08CR1327, Filing No. 101, p. 1 (N.D. Iowa Jan. 14, 2011). The Eighth Circuit Court of Appeals affirmed on April 7, 2011. *United States v. Bastian*, No. 2:08CR1327, Filing No. 107 (N.D. Iowa April 7, 2011). Bastian petitioned for rehearing by the panel, which was denied on May 27, 2011. *United States v. Bastian*, No. 2:08CR1327, Filing No. 110 (N.D. Iowa May 27, 2011).

14.     Bastian filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Bastian v. United States*, No. 2:11cv1036, Filing No. 1 (N.D. Iowa Sept. 30, 2011).

15.     Bastian's § 2255 motion and certificate of appealability were denied on January 22, 2013. *Bastian v. United States*, No. 2:11cv1036, Filing No. 27 (N.D. Iowa Jan. 22, 2013).

16.     Bastian appealed the district court's denial of his § 2255 motion and certificate of appealability. *Bastian v. United States*, No. 2:11cv1036, Filing No. 32 (N.D. Iowa Mar. 25, 2013). His appeal was dismissed, and his petition for rehearing en banc was denied. *Bastian v. United States*, No. 2:11cv1036, Filing No. 37 (N.D. Iowa Nov. 1, 2013); *id*. at Filing No. 38 (N.D. Iowa Jan. 15, 2014).

17.     This lawsuit is limited to Plaintiff's claim that the Defendants "destroy[ed] the private, personal electronic data property"—that is, not "the seized laptop or the hard drive therein, or any materials or property purportedly used in the commission of the instant offense . . . . ," but the "non-contraband data located on the seized laptop's hard drive that is not connected to any . . . offense conduct . . . ." (Amended Complaint, Filing No. 21 at CM/ECF pp. 3, 4, 49; Complaint, Filing No. 1 at CM/ECF p. 3.)

18.     The parties agree that the FBI "wiped" Plaintiff's hard drive such that recovering the requested data would be impossible. (Filing No. 49, Defs.' Br. Supp.

Mot. Dismiss at CM/ECF p. 7; Filing No. 58, Pl.'s Br. Opp'n Mot. Dismiss at CM/ECF p. 2.)

## III. DISCUSSION

Defendants argue that the doctrine of res judicata precludes Plaintiff's lawsuit because he fully and fairly litigated the same issue during his prior criminal proceedings in the United States District Court for the Northern District of Iowa in *United States v. Bastian*, No. 2:08CR1327 (N.D. Iowa). I agree.

If apparent from the "face of the complaint," the affirmative defense of res judicata can be raised in a Fed. R. Civ. P. 12(b)(6) motion to dismiss, as Defendants have done here. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012). The "face of the complaint" includes public records, materials attached to the complaint, and materials embraced by the complaint. *Id*. at 764; *see also A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016). Therefore, in analyzing the Defendants' res judicata argument, I may consider the publicly available court records of the Northern District of Iowa.

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citation omitted). The doctrine of "'[r]es judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.'" *Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)).

Bastian has fully litigated his motion for return of property in his criminal case in the Northern District of Iowa. In that case, he entered a guilty plea to the charges of sexual exploitation of a child and receipt of child pornography and agreed, with his counsel's assistance, to "forfeit and abandon any and all claim to items seized by law

enforcement from the defendant during the investigation of this case," including his laptop computer and hard drive. Following an unsuccessful appeal of his sentence, Bastian filed a motion for return of his property, which the district court denied, holding that the plea agreement prevented Bastian from asking for the return of his property. Bastian's motion for reconsideration was unsuccessful, as were his appeal and motion for rehearing in the Eighth Circuit Court of Appeals.

The judgment in Bastian's criminal case was rendered by a court of competent jurisdiction and was a final judgment on the merits, satisfying the first and second elements of res judicata. The third element is also satisfied because Bastian seeks to relitigate the same causes of action against the United States and its privies—that is, agencies of the United States and current or former employees of the United States in their official capacities. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) ("A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.' . . . [T]he real party in interest in an official-capacity suit is the governmental entity and not the named official.") (citations omitted).

"To determine whether two causes of action are the same, the court examines whether the second lawsuit is 'part of the transaction, or series of connected transactions, out of which the [first] action arose . . . , giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.'" *First Nat. Bank in Sioux Falls v. First Nat. Bank South Dakota*, 679 F.3d 763, 767 (8th Cir. 2012) (quoting *Lane v. Petersen*, 899 F.2d 737, 742 (8th Cir. 1990) and Restatement (Second) of Judgments § 24 (1980)). "Generally, under this approach a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Id*.; *see also Lane*, 899 F.2d at 744 (the plaintiff's "reliance in this suit on different substantive law and new legal theories does not preclude the operation of res judicata. . . . Thus, where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the

same nucleus of operative facts as the prior claim.") Here, although Plaintiff seeks the return of his property using various legal theories that were not used in his criminal case in the Northern District of Iowa, Bastian's current lawsuit arises out of the same nucleus of facts as his motion for return of property in his Iowa criminal case.

As to the Defendants in their individual capacities, the court previously allowed Plaintiff to proceed on his *Bivens* claim against individual Defendants Metz, Kitzmiller, Johnson, Reinwart, and Grunder—all of whom are either agents or legal counsel with the Federal Bureau of Investigation. (Filing No. 23 at CM/ECF p. 2.) One may argue that these Defendants, in their individual capacities, are not in privity with the United States for purposes of res judicata. *See De Llano v. Berglund*, 183 F.3d 780, 782 (8th Cir. 1999) (city employees in individual capacities were not in privity with the city for purposes of res judicata).

However, even if the doctrine of res judicata does not apply to Plaintiff's claims against the Defendants in their individual capacities, it is clear that Plaintiff does not have a claim against these Defendants due to (1) Plaintiff's failure to allege that these Defendants were personally involved in violating Plaintiff's constitutional rights; and (2) Plaintiff's waiver of any rights to the seized property via his plea agreement.

Plaintiff's allegations against the individual Defendants are sparse, repetitive, formulaic, and unsupported by specific facts.[6] As such, they are insufficient to state a claim that each of these Defendants, through their own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, at 676 & 678 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

---

[6]*See* Amended Complaint, Filing No. 21 at CM/ECF pp. 7-33 (Counts I & II) (individual Defendants "deliberately withh[eld] and destroy[ed] lawfully protected property"; Defendants "unlawfully withh[eld] and destroy[ed] private, personal property"; Defendants deprived Plaintiff of "his non-contraband, electronic private, personal property").

Government-official defendant, through the official's own individual actions, has violated the Constitution."; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, granting Plaintiff leave to amend his Amended Complaint to make such allegations would be futile because Plaintiff waived any right he had to contest the forfeiture of all items seized by law enforcement by virtue of entering his plea agreement.

Plaintiff's plea agreement—every paragraph of which he initialed—provided that Plaintiff "understands that from this date forward any local, state, or federal law enforcement agency may take custody of and use, dispose, and transfer these items in any way the agency deems appropriate." He further agreed "to forfeit and abandon any and all claim to items seized by law enforcement," to "waive[] any and all right to this property," and "not to contest that forfeiture or abandonment of this property." *United States v. Bastian*, No. 2:08CR1327, Filing No. 25-2, pp. 5-6 (N.D. Iowa Dec. 11, 2008). Plaintiff has therefore waived any claims he might have regarding the property seized by law enforcement. *Whitehead v. Garrett*, No. 4:09CV483, 2012 WL 13703, at *3 (E.D. Mo. Jan. 4, 2012) (§ 1983 claim against police officer was "barred by the plain language of the plea agreement," in which plaintiff agreed he would "forfeit all of [his] interest in all items seized by law-enforcement officials during the course of their investigation and will not contest the forfeiture to law enforcement of such items").

In addition, other federal courts have held that plaintiffs in similar circumstances were not entitled to the return of non-contraband information found on computers and hard drives that were used to commit an offense. *See U.S. v. Penry*, 515 Fed. App'x 784 (10th Cir. 2013) (unpublished) (following conviction for possession of child pornography, and even though no criminal forfeiture order had been issued, defendant could not collaterally challenge the circumstances surrounding the search and seizure of a laptop computer and hard drive used in the commission of the offense through a Fed. R. Crim. P. 41(g) post-conviction motion for return of the property; "when the property is used to commit the offense on which the defendant received his conviction, only an innocent owner or one aggrieved by an illegal seizure may qualify for lawful

possession of the property"); *United States v. Biggins*, No. CR613-012, 2015 WL 12868224, at *1 (S.D. Ga. Sept. 4, 2015), *report and recommendation adopted*, No. CR613-012, 2015 WL 12868225 (S.D. Ga. Sept. 23, 2015) (defendant, who had been convicted of transporting child pornography in interstate commerce, was not entitled to return of seized cell phone, digital camera, and camera memory card when such items "contained contraband relevant to his offenses, so he lacks clean hands with respect to the property") (internal quotation marks and citation omitted); *United States v. Hewitt*, No. CR 06-20022-01, 2013 WL 12366626, at *3 (W.D. La. June 14, 2013) (where defendant sought return of non-contraband proprietary engineering software contained on laptop computer and hard drive used to view child pornography, and where government destroyed such software as contraband, defendant "forfeited his interest in the computer and the hard drive" because "he used them to commit his offense of possessing a computer containing images of child pornography which had been transported in interstate commerce," making such property subject to forfeiture under 18 U.S.C. § 2253).

In any event, the government and its agents cannot be required to return data that has been destroyed. *United States v. Garcon*, 406 Fed. App'x 366 (11th Cir. 2010) (unpublished) (federal prisoner not entitled to return of seized property under Fed. R. Crim. P. 41(g) because government demonstrated it no longer had possession of the seized currency, which had been turned over to city's police department and ultimately was forfeited to city); *United States v. Easton*, No. 07-60038-CR, 2015 WL 671932, at *2 (S.D. Fla. Feb. 17, 2015) (defendant convicted of receiving child pornography not entitled to return of seized non-contraband items because government destroyed such property as tainted with child pornography; "since the property at issue has been destroyed, [the defendant] has no right to it, nor can the Government be compelled to return what it does not possess"); *Hewitt*, 2013 WL 12366626, at *3 (government cannot be required to return destroyed data).[7]

---

[7]My decision with regard to Defendants Metz, Kitzmiller, Johnson, Reinwart, and Grunder in their individual capacities would also apply to the FBI's "Unkown Cart

Accordingly,

IT IS ORDERED:

1.      Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 47) is granted, and this matter is dismissed with prejudice;

2.       Plaintiff's Motion (Filing No. 46) for Status; Expedited Discovery or Subpoena Request; Notice of Proffered Settlement is denied as moot;

3.      Plaintiff's Opposition Motion to Defense Motion to Stay and Motion to Strike (Filing No. 56) is denied;

4.      Plaintiff's Opposition to Defense Motion to Dismiss or Summary Judgment (Filing No. 58) is denied;

5.      Judgment dismissing this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) shall be entered by separate document.

DATED this 5th day of March, 2019.

                              BY THE COURT:

                              s/ *Richard G. Kopf*
                              Senior United States District Judge

---

(Computer Analysis Response Team) Technicians(s)," who are named as Defendants but have not been identified or served with process. Therefore, it would be futile to require further proceedings to identify and serve such defendants.